IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-324-D-1
No. 5:14-CV-163-D

| | |
|---|---|
| ROBERT HAMPTON TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On March 18, 2014, Robert Hampton Taylor ("Taylor") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See [D.E. 82]. On May 5, 2014, the government moved to dismiss Taylor's section 2255 motion. See [D.E. 89]. On May 27, 2014, Taylor responded in opposition to the government's motion. See [D.E. 92]. As explained below, the court grants the government's motion to dismiss.

On November 8, 2007, a federal grand jury in the Eastern District of North Carolina indicted Taylor and charged him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1) (count one), possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (count two), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three) [D.E. 1]. Taylor's offense conduct included shooting a police officer in the upper torso at close range. See Presentence Investigation Report ("PSR") ¶ 8. Taylor's criminal history included a felony conviction for common law robbery, a felony conviction for assault with a deadly weapon inflicting serious injury, and two felony convictions for aggravated robbery. See PSR ¶¶ 20, 22, 23, 24.

On April 21, 2008, Taylor pleaded guilty, pursuant to a written plea agreement [D.E. 39], to counts two and three of the indictment. See [D.E. 38]; Arraignment Tr. [D.E. 73] 27–29. In his plea agreement, Taylor expressly waived "the right to appeal whatever sentence is imposed," and expressly waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255," with limited exceptions. Plea Agreement [D.E. 39] ¶ 2.c. On October 8, 2008, this court sentenced Taylor to 120 months' imprisonment on count two and life imprisonment on count three, to be served consecutively. See [D.E. 66]; Sentencing Tr. [D.E. 74] 39. On October 16, 2008, the court entered judgment. See [D.E. 67].

On October 24, 2008, Taylor appealed. See [D.E. 68]. On July 24, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Taylor's sentence. See United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished). On August 17, 2009, the Fourth Circuit's mandate issued. See [D.E. 78]. Taylor did not petition the United States Supreme Court for a writ of certiorari, and his judgment of conviction became final when his time to do so expired, no later than October 22, 2009. See Sup. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

On October 13, 2009, Taylor moved for an extension of time to file a section 2255 motion [D.E. 79]. On April 27, 2010, the court denied Taylor's motion for an extension of time [D.E. 80].

Taylor raises four claims in his section 2255 motion. First, Taylor contends that the court erred by "re-characterizing his [motion] for an extension of time as an initial [section] 2255 [motion] without first affording him his rights under [Castro v. United States, 540 U.S. 375 (2003)]." [D.E. 83] 2–3. Second, Taylor contends that his trial counsel provided ineffective assistance by improperly advising him that he faced a mandatory life sentence if he chose to plead not guilty to count three and was convicted at trial. See id. 3–4. Third, Taylor contends that the court violated

2

Alleyne v. United States, 133 S. Ct. 2151 (2013), by finding the facts necessary to support the application of the attempted-murder guideline by a preponderance of the evidence. See id. 5–7. Finally, Taylor contends that the court engaged in impermissible double counting by applying the attempted-murder guideline and imposing the mandatory minimum sentence of 10 years' imprisonment under 18 U.S.C. § 924(c)(1)(A)(iii) associated with discharging a firearm during a crime of violence. See id. 7–9. In response, the government moves to dismiss Taylor's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 89]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

3

Taylor filed his section 2255 motion on March 18, 2014, more than four years after his judgment of conviction became final. Thus, Taylor's motion is untimely under 28 U.S.C. § 2255(f)(1). See United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Taylor's motion is untimely under 28 U.S.C. § 2255(f)(3) because Alleyne does not apply retroactively on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); see also In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Likewise, Taylor's motion is untimely under 28 U.S.C. § 2255(f)(4). See, e.g., United States v. Bowman, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. Mar. 26, 2014)(per curiam) (unpublished); United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014)(per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Taylor has alleged no

4

such extraordinary circumstances. See, e.g., Sawyer, 552 F. App'x at 232. Accordingly, the court dismisses Taylor's section 2255 motion as untimely.

Alternatively, Taylor's claims fail on the merits. As for Taylor's first claim, the court did not recharacterize Taylor's motion for an extension of time as an initial section 2255 motion. In fact, in denying Taylor's motion for an extension of time, the court stated that "[b]ecause Taylor [did] not articulate[] a sufficient factual or legal basis . . . for relief under section 2255, the court [did] not construe his motion to extend time as a substantive section 2255 motion." [D.E. 80] 3. Accordingly, the court dismisses Taylor's first claim.

As for Taylor's claim of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively

5

unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Taylor contends that his trial counsel provided ineffective assistance by improperly advising him that he faced a mandatory life sentence if he pleaded not guilty to count three and was convicted at trial, as opposed to a maximum life sentence. See [D.E. 83] 3–4. Assuming without deciding that Taylor's trial counsel advised him as such, Taylor does not plausibly allege prejudice. At Taylor's Rule 11 hearing, the court advised Taylor of the charges against him and the maximum potential penalties associated with each charge. Specifically, the court informed Taylor that he faced up to 20 years' imprisonment if convicted of conspiracy to commit Hobbs Act robbery, up to life imprisonment if convicted of possession of a firearm in furtherance of a crime of violence, and up to life imprisonment if convicted of possession of a firearm by a felon and sentenced as an armed career criminal under 18 U.S.C. § 924(e). See Arraignment Tr. 19–22. Thus, Taylor's Rule 11 colloquy cured any potential prejudice arising from counsel's alleged failure to properly advise Taylor about the penalties that he faced before Taylor entered his plea. See, e.g., United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). Moreover, after the court informed Taylor of the potential penalties he faced, Taylor stated, under oath, that he understood the penalties associated with each offense, the trial and appellate rights he

6

would be waiving by pleading guilty, and the authority of the court to impose an appropriate sentence. He also affirmed that his attorney had discussed the entire plea agreement with him, and that no one had induced him to plead guilty. See Arraignment Tr. 22–27. Taylor then pleaded guilty to counts two and three of the indictment. See id. 27–29. The court must dismiss claims that rely on allegations contradicting a defendant's sworn statements at his Rule 11 hearing. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Accordingly, the court dismisses Taylor's second claim.

Taylor's third claim fails because, as discussed, Alleyne does not apply retroactively on collateral review. Alternatively, even if Alleyne did apply retroactively, it would not help Taylor. Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact that do not affect statutorily authorized penalties, such as those supporting the application of the attempted-murder guideline. See, e.g., Alleyne, 133 S. Ct. at 2163; Rogers v. United States, No. 12-6141, 2014 WL 1272121, at *3 (6th Cir. Mar. 31, 2014) (unpublished); United States v. Benn, No. 12–4522, 2014 WL 2109806, at *11–12 & n.4 (4th Cir. May 21, 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 44–45 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). Accordingly, the court dismisses Taylor's third claim.

Finally, Taylor procedurally defaulted his fourth claim by failing to raise it on direct appeal. Under the general rule of procedural default, "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003); see Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); Sanders,

7

247 F.3d at 144. To avoid this general rule, a defendant must show "actual innocence" or "cause and prejudice" resulting from the errors of which he complains. See, e.g., Bousley, 523 U.S. at 622–24; United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010). Taylor does not plausibly allege either actual innocence or cause and prejudice. See, e.g., Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); Pettiford, 612 F.3d at 280, 284. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Furthermore, Taylor's double-counting argument is not novel, and he does not allege that his appellate attorney provided ineffective assistance. Finally, Taylor has not plausibly alleged "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id. Because there is no basis to excuse Taylor's procedural default, Taylor's attempt to challenge this court's calculation of his advisory guideline range fails.

Alternatively, Taylor's fourth claim fails on the merits. The court did not engage in double counting (impermissible or otherwise). Rather, it properly calculated two advisory guideline ranges for two separate counts. Taylor pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The court applied the cross reference to the attempted-murder guideline to calculate Taylor's advisory guideline range on the felon-in-possession charge to be 360 months' imprisonment to life imprisonment. See PSR ¶¶ 64–72, 77; [D.E. 74] 6–29. The court then calculated Taylor's advisory guideline range on the section 924(c) charge to be a consecutive 120 months' imprisonment. See PSR ¶ 74; [D.E. 74] 6–29. Thus, there was no double counting. Accordingly, the court dismisses Taylor's fourth claim.

8

After reviewing the claims presented in Taylor's section 2255 motion, the court determines that reasonable jurists would not find the court's treatment of the claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 89], and DISMISSES Taylor's section 2255 motion [D.E. 82]. The court DENIES a certificate of appealability.

SO ORDERED. This **30** day of July 2014.

JAMES C. DEVER III
Chief United States District Judge