IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-324-D
No. 5:14-CV-163-D
No. 5:15-CV-397-D

| | | |
|---|---|---|
| ROBERT HAMPTON TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 21, 2008, Robert Hampton Taylor ("Taylor") pleaded guilty to possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count two) and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three). See [D.E. 1] 2–3; [D.E. 38] 3; Arraignment Tr. [D.E. 73] 27–29. Taylor's offense conduct included shooting a police officer in the upper torso at close range. See Presentence Investigation Report ("PSR") ¶ 8. On October 8, 2008, the court sentenced Taylor to 120 months' imprisonment on count two and life imprisonment on count three. See [D.E. 66] 1; Sentencing Tr. [D.E. 74] 39. Taylor appealed. See [D.E. 68]. On July 24, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Taylor's sentence. See United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished) [D.E. 76].

On July 30, 2014, this court dismissed Taylor's first motion under 28 U.S.C. § 2255 and denied a certificate of appealability [D.E. 93]. On November 21, 2014, the Fourth Circuit denied a certificate of appealability and dismissed Taylor's appeal. See United States v. Taylor, 585 F. App'x 234, 234 (4th Cir. 2014) (per curiam) (unpublished).

On August 17, 2015, October 13, 2015, February 22, 2016, and February 29, 2016, Taylor filed additional motions under 28 U.S.C. § 2255. See [D.E. 102, 105, 107, 108]. On April 20, 2016, the government moved to dismiss the motions for lack of jurisdiction, claiming that the motions are successive [D.E. 110] and filing a supporting memorandum [D.E. 111]. On May 6, 2016, Taylor responded [D.E. 113].

Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see id. § 2255(h); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). This court lacks jurisdiction to review Taylor's latest section 2255 motions unless the Fourth Circuit authorizes review. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Taylor failed to obtain authorization from the Fourth Circuit. Thus, this court lacks jurisdiction to consider his motions.

In sum, the court GRANTS the government's motion to dismiss [D.E. 110], DISMISSES as successive Taylor's section 2255 motions [D.E. 102, 105, 107, 108], and DENIES a certificate of appealability. See, e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Winestock, 340 F.3d at 206–07.

SO ORDERED. This _11_ day of May 2016.

JAMES C. DEVER III
Chief United States District Judge