IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-324-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT HAMPTON TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

On June 20, 2020, Robert Hampton Taylor ("Taylor" or "defendant"), proceeding pro se, filed a motion under 28 U.S.C. § 2255 [D.E. 222]. On August 12, 2021, the government moved to dismiss Taylor's section 2255 motion for lack of subject-matter jurisdiction and for failure to state a claim [D.E. 255]. On September 16, 2021, with the advice of counsel, Taylor withdrew his section 2255 motion [D.E. 259]. Cf. Greer v. United States, 141 S. Ct. 2090, 2097–98 (2021). Thus, the court denies as moot the government's motion to dismiss Taylor's section 2255 motion.

On September 17, 2021, Taylor filed a motion concerning reimbursement of the special assessment he owed on count two [D.E. 260]. When the court originally sentenced Taylor, the court imposed a $100.00 special assessment on count two and a $100.00 special assessment on count three, for a total of $200.00. See [D.E. 67] 5. On August 29, 2019, the court vacated Taylor's conviction and sentence on count two. See [D.E. 188] 4. The court ordered the United States to repay Taylor's $100.00 special assessment on count two to the extent Taylor had already paid it. See id. at 2. Taylor argues he never received the proper reimbursement. See, e.g., [D.E. 241, 260]. On October 1, 2020, the Eastern District of North Carolina's financial department informed Taylor that when Taylor's special assessments expired on October 8, 2013, Taylor had only paid $75.00 of his

special assessments. See [D.E. 234, 234-1]. The $75.00 that Taylor paid was credited toward Taylor's special assessment on count three. Cf. [D.E. 234]. Accordingly, Taylor is not owed any reimbursement of his special assessment in connection with this court's August 29, 2019 order vacating count two, and the court denies Taylor's motion.

On January 12, 2021, Taylor moved for compassionate release [D.E. 243]. On February 25, 2022, Taylor moved for appointed counsel to assist him with a memorandum in support of his motion for compassionate release [D.E. 268]. Pursuant to Standing Order 19-SO-3, the court grants Taylor's motion for appointed counsel and directs the clerk to appoint counsel to represent Taylor in connection with his motion for compassionate release. Cf. [D.E. 236, 240, 265, 267].

In sum, the court DENIES as moot the government's motion to dismiss [D.E. 255], DENIES Taylor's motion concerning reimbursement of his special assessment on count two [D.E. 260], and GRANTS Taylor's motion for appointed counsel [D.E. 268]. The court DIRECTS the clerk to appoint counsel for Taylor in connection with his pending motion for compassionate release.

SO ORDERED. This 1 day of April, 2022.

JAMES C. DEVER III
United States District Judge

2

Case 5:07-cr-00324-D    Document 271    Filed 04/01/22    Page 2 of 2